IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENGT JONSSON et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>PACIFICORP d/b/a ROCKY MOUNTAIN POWER et al.,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00424-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant Heber Light & Power Company's (HLP) Motion to Dismiss.[1] Having reviewed the Motion and all associated briefing, the court GRANTS the Motion.[2]

## BACKGROUND

This case arises out of Defendant Rocky Mountain Power's (RMP) construction and maintenance of a dual-circuit, 138-kilovolt transmission line and multiple 85-feet-tall and six-feet-wide steel towers in Midway, Utah.[3] Plaintiffs are various individuals and entities, and each owns real property in Midway that has been affected by the construction of the transmission line.[4] Defendant HLP is a Utah interlocal entity formed pursuant to Title 11, Chapter 13 of the Utah Code.[5]

---

[1] Dkt. 10, *Motion to Dismiss* (*Motion*).

[2] Pursuant to DUCivR 7-1(g), the court determines oral argument is unnecessary and resolves the Motion based on the parties' written memoranda.

[3] Dkt. 10-1, *First Amended Complaint* (*FAC*) ¶ 15.

[4] *Id.* ¶¶ 11–14.

[5] *Id.* ¶ 6.

In 2017, Defendants HLP and RMP entered into an agreement whereby HLP purported to grant rights to RMP in Plaintiffs' Midway properties to construct and maintain the new transmission line.[6] The HLP-RMP agreement is part of a larger project to construct the new transmission line over approximately 80 properties in Midway.[7] RMP allegedly constructed the new transmission line over various properties and compensated landowners for use to their properties only after construction of the line.[8] Plaintiffs are among several of those landowners that never consented to the construction or use of their properties for this project.[9] And despite Defendants' lack of an easement or other recorded interest in Plaintiffs' properties, and despite Plaintiffs' objections to Defendants' construction and use of their properties, Defendants entered and built the new transmission line on Plaintiffs' properties and now refuse to remove the line.[10]

Plaintiffs brought this lawsuit in Utah state court in May 2025.[11] Plaintiffs assert claims for Trespass, Private Nuisance, Negligence, Violations of the Takings Clause of the United States Constitution, and Violations of the Takings Clause of the Utah Constitution, and they seek a Declaratory Judgment.[12] Relying on the existence of federal question jurisdiction, Defendant HLP removed this case to federal court and filed the present Motion in May 2025.[13] The Motion is fully briefed and ripe for review.[14]

---

[6] *Id.* ¶ 15.

[7] *Id.* ¶ 16.

[8] *Id.* ¶ 20.

[9] *Id.* ¶ 22.

[10] *Id.* ¶ 25.

[11] *See id.* at 10.

[12] *Id.* ¶¶ 28–61.

[13] *See* Dkt. 2, *Notice of Removal*; *Motion*.

[14] *Motion*; Dkt. 14, *Owners' Memorandum in Opposition to HLP's Motion to Dismiss* (*Opposition*); Dkt. 21, *Reply Memorandum Supporting HLP's Motion to Dismiss* (*Reply*).

## LEGAL STANDARD

HLP brings this Motion under Federal Rule of Civil Procedure 12(b)(6).[15] Federal pleading requirements govern actions commenced in or removed to federal court,[16] and generally, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] In determining whether a complaint satisfies these criteria, courts accept all well-pleaded allegations as true, construe the allegations in the light most favorable to the plaintiff, and consider the complaint as a whole, along with the documents incorporated by reference into the complaint.[19] And "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations."[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21] A defendant may also raise an affirmative defense by motion to dismiss for failure to state a claim.[22] Ultimately, the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence the parties might present at trial, but to assess

---

[15] *Motion* at 4.

[16] *Talton v. BAC Home Loans Servicing LP*, 839 F. Supp. 2d 896 (E.D. Mich. 2012) (citing *Herron v. Jupiter Transp. Co.,* 858 F.2d 332, 335–36 (6th Cir. 1988)).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *Id.* (citing *Twombly*, 550 U.S. at 556).

[19] *See Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015) (citations omitted).

[20] *Iqbal*, 556 U.S. at 679.

[21] *Id.* at 678.

[22] *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[23]

## ANALYSIS

HLP argues Plaintiffs' claims for Trespass, Negligence, and Private Nuisance should be dismissed because the Governmental Immunity Act of Utah (GIA) grants HLP immunity from these claims.[24] Because a federal court exercising supplemental jurisdiction over state law claims in a federal question lawsuit applies the substantive law of the forum state,[25] the court looks to Utah law to determine the effect of GIA immunity in this case. Utah courts apply a three-part test to determine whether a party qualifies for immunity under the GIA.[26] Courts first assess whether the activity undertaken by the governmental actor is a governmental function and is thus immunized from suit by the GIA's blanket grant of immunity.[27] Second, courts ask whether another section of the GIA waives the blanket immunity.[28] Finally, if the blanket immunity has been waived, courts assess whether the GIA contains an exception to that waiver, resulting in a retention of immunity against the particular claim asserted.[29]

Critically, by failing to contest any of HLP's arguments regarding this three-step test, Plaintiffs have implicitly conceded HLP satisfies the three-part test and qualifies for GIA

---

[23] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[24] *Motion* at 4.

[25] *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1201 (10th Cir. 2022) (citation omitted).

[26] *Mariani v. Utah Dep't of Pub. Safety-Driver License Div.*, 562 P.3d 697, 702 (Utah 2024).

[27] *Id.* (citation omitted).

[28] *Id.* (citation omitted).

[29] *Id.* (citation omitted).

immunity with respect to tort damages.[30]  Indeed, Plaintiffs' only arguments in response to HLP's Motion are (1) Plaintiffs should be allowed to seek equitable remedies against HLP for their claims, even despite HLP's GIA immunity, and (2) the GIA violates the Open Courts Clause of the Utah Constitution.[31]  The court ultimately agrees with HLP that Plaintiffs' tort claims should be dismissed, and the court proceeds by addressing each of Plaintiffs' arguments in reverse order.

### I. Plaintiffs Failed to Demonstrate the GIA Violates the Open Courts Clause of the Utah Constitution

The Utah Open Courts Clause provides:

> All courts shall be open, and every person, for an injury done to the person in his or her person, property, or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, with or without counsel, any civil cause to which the person is a party.[32]

In Utah, the general rule is that "all statutes are presumed to be constitutional and the party challenging a statute bears the burden of proving its invalidity."[33]  The party making a constitutional challenge to a law "bears a heavy burden," and courts "resolve any reasonable doubts in favor of constitutionality."[34]  This heavy burden applies to all three steps of the *Berry* test applicable to an Open Courts Clause challenge.[35]  Under the *Berry* test, courts first look to

---

[30] *Storey v. Seipel*, No. 2:22-CV-00486-RJS-DAO, 2024 WL 4436609, at *3 n.54 (D. Utah Oct. 24, 2024) (citing *Am. Waterways Operators v. Regan*, 590 F. Supp. 3d 126, 138 (D.D.C. 2022) for the proposition that "[i]f a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded").

[31] *See Opposition* at 2–4.

[32] Utah Const. art. I, § 11.

[33] *Bingam v. Gourley*, 556 P.3d 53, 65 (Utah 2024) (citation omitted).

[34] *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998) (citation modified).

[35] *See Bingam*, 556 P.3d at 60.

whether the legislature has abrogated a common law cause of action.[36] If so, courts then determine whether the law provides an injured person an effective and reasonable alternative remedy.[37] If the law provides no alternative remedy, "abrogation of the remedy or cause of action may be justified only if there is a clear social or economic evil to be eliminated and the elimination of an existing legal remedy is not an arbitrary or unreasonable means for achieving the objective."[38] Here, the parties do not dispute the GIA abrogates a remedy that existed prior to the enactment of the statute under the first step.[39]

Turning to the second step, the court agrees with HLP that Plaintiffs failed to demonstrate the GIA fails to provide injured persons with an adequate alternative remedy at this stage of the litigation.[40] An alternative remedy is adequate when it is "substantially equal in value or other benefit to the remedy abrogated."[41] Moreover, the "form of the substitute remedy may be different, so long as it provides essentially comparable substantive protection to one's person, property, or reputation."[42] Here, Plaintiffs' only argument on this subject consists of a legal conclusion: that "[b]ecause the [GIA] purports to completely immunize HLP from a suit for damages from trespass, private nuisance, and negligence, there is no reasonable alternative remedy offered to [Plaintiffs]."[43] But a closer reading of the GIA reveals it provides an alternative remedy through a takings claim under the Utah Constitution—a remedy which

---

[36] *Id.* (citation omitted).

[37] *Id.* (citation omitted).

[38] *Berry ex. rel Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 680 (Utah 1985) (citations omitted).

[39] *Opposition* at 6; *Reply* at 4.

[40] *Reply* at 4.

[41] *Peterson v. Utah Lab. Comm'n*, 416 P.3d 583, 592 (Utah 2017) (citation omitted).

[42] *Id.* (citation modified).

[43] *Opposition* at 8.

6

Plaintiffs neither acknowledge nor analyze. Indeed, the GIA waives immunity for "any action brought under the authority of Utah Constitution, Article I, Section 22, for the recovery of compensation from the governmental entity when the governmental entity has taken or damaged private property for public uses without just compensation[.]"[44] This waiver is subject to Utah Code § 63G-7-302, which in turn references Utah Code § 78B-6-501 to outline how "compensation" is to be calculated.

By failing to acknowledge and engage with this alternative, Plaintiffs "fall far short of meeting their heavy burden to overcome the presumption that the [GIA] is valid under the Utah Constitution."[45] This court recognizes that "the particularly high burden imposed on litigants challenging the constitutionality of a statute" necessitates "rigorous briefing on such issues."[46] And by failing to recognize and distinguish the alternative remedy discussed above, Plaintiffs' constitutional challenge to the enforceability of the GIA necessarily fails.

## II. Plaintiffs Have Not Established Potential Entitlement to Equitable Relief

Next, Plaintiffs argue the Motion should be denied in part because they seek equitable relief via their tort claims, and the GIA does not immunize HLP against equitable claims.[47] Indeed, "it is well settled that there is no governmental immunity for equitable claims," and "[n]either the passage of time nor the enactment of the Utah Governmental Immunity Act has eroded this exception."[48] However, HLP counters by arguing that, under Utah law, "equitable

---

[44] Utah Code § 63G-7-301(2)(d).

[45] *Id.*

[46] *Fuja v. Stephens*, No. 20240293-CA, 2025 WL 1901425, at *5 (Utah Ct. App. 2025) (unpublished).

[47] *Opposition* at 2.

[48] *Culbertson v. Bd. of Cnty. Comm'rs of Salt Lake Cnty.*, 177 P.3d 621, 628 (Utah Ct. App. 2008) (quoting *Am. Tierra Corp. v. City of W. Jordan,* 840 P.2d 757, 759 (Utah 1992)).

relief is only available in those cases where legal relief is unavailable," and it argues Plaintiffs have not shown this is such a case.[49]  The court agrees with HLP.

Under Utah law, "the right to an equitable remedy is an exceptional one, and absent statutory mandate, equitable relief should be granted only when a court determines that damages are inadequate and that equitable relief will result in more perfect and complete justice."[50] Moreover, to state an equitable claim, courts look to whether a party "affirmatively show[s] a lack of an adequate remedy at law on the face of the pleading."[51]  And "if a complaint on its face shows that adequate legal remedies exist, equitable remedies are not available."[52]  Here, Plaintiffs have neither pleaded nor briefed arguments regarding the inadequacy of the legal remedies available for their asserted claims.  At most, their Complaint and briefing suggest equitable relief has been requested in this case and has been available in prior cases where parties sought to prevent future encroachments on property.[53]  These allegations and arguments certainly do not establish that the legal remedies available for their asserted claims are inadequate in this case.[54]  Moreover, it appears Plaintiffs have asserted an adequate remedy at

---

[49] *Reply* at 2–3 (quoting *Ockey v. Lehmer*, 189 P.3d 51, 62 (Utah 2008)).

[50] *Ockey*, 189 P.3d at 61 (citation omitted).

[51] *Thorpe v. Wash. City*, 243 P.3d 500, 507 (Utah Ct. App. 2010) (citing *Ockey*, 189 P.3d at 61 n.42); *Asphalt Trader Ltd. v. Beall*, No. 22-4085, 2024 WL 698313, at *4 (10th Cir. Feb. 21, 2024); 27A Am. Jur. 2d *Equity* § 70 (May 2025 update) ("A party seeking equitable relief has the burden of proving the inadequacy of a legal remedy.  Thus, the plaintiff must affirmatively show a lack of an adequate remedy at law on the face of the pleading and from the evidence, and if a complaint on its face shows that adequate legal remedies exist, equitable remedies are not available." (citations omitted)).

[52] *Ockey*, 189 P.3d at 61 n.42 (citation omitted).

[53] *See FAC*; *Opposition* at 3.

[54] The court's determination that the GIA is constitutional and Plaintiffs' concession that the GIA immunizes HLP from tort damages does not relieve Plaintiffs of their burden to demonstrate a lack of an adequate remedy at law. Equitable remedies are "not justifiable simply because a party's remedy at law failed." *Buckner v. Kennard*, 99 P.3d 842, 857 (Utah 2004) (citation omitted).  And Plaintiffs assert other claims in addition to their tort claims that could potentially provide them with an adequate remedy at law.  *See FAC* ¶¶ 51–55.

law on the face of their Complaint as they assert a takings claim under the Utah Constitution.[55] If they succeed on this claim, they will be entitled to compensation and will be made "financially whole by" being placed "in the position [they] would have occupied were [their] property not taken."[56] Accordingly, Plaintiffs' reliance on equitable relief to circumvent the application of GIA immunity in this case fails, and Plaintiffs' tort claims against HLP must be dismissed.

## CONCLUSION

Because Plaintiffs' constitutional challenge and equitable-relief arguments fail, and because Plaintiffs do not otherwise challenge HLP's entitlement to GIA immunity, HLP's Motion is GRANTED.[57] Plaintiffs' claims for Trespass, Negligence, and Private Nuisance against HLP are DISMISSED.

SO ORDERED this 31st day of July 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[55] *FAC* ¶¶ 51–55.

[56] *Utah Dep't of Transp. v. Admiral Beverage Corp.*, 275 P.3d 208, 216 (Utah 2011) (citation omitted).

[57] Dkt. 10.